IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YOUNG JAE CHOI,

                Plaintiff,                            OPINION AND ORDER

    v.

                                                              20-cv-953-wmc

SARAH RUSTAD,

                Defendant.

      *Pro se* plaintiff Young Jae Choi, who currently is being held at the Mendota Mental Health Institute ("Mendota"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Choi claims that one defendant, Dr. Sarah Rustad, violated his constitutional rights in her handling of the insomnia he experienced after taking an anti-psychotic medication. Choi's complaint is ready for screening as required by 28 U.S.C. § 1915(e)(2). After review, the court concludes that plaintiff's allegations implicating defendant Rustad are insufficient to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8. Therefore, the court is dismissing his complaint without prejudice, but giving Choi the opportunity to amend his complaint that corrects the deficiencies identified below.

OPINION[1]

      Choi alleges that he was under Dr. Rustad's care as of February 14, 2019, and she prescribed him the anti-psychotic drug Abilify. However, plaintiff alleges that because he complained multiple times that Abilify caused him insomnia, that prescription was

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

terminated on March 14, 2019, but he does not allege whether Dr. Rustad made that decision. Choi further claims that his insomnia continued, and a few months later he was diagnosed with "Unspecified insomnia disorder" by another doctor. Choi further claims that he was on the sleep aid hydroxyzine, and he tried to wean himself from that medication. It is unclear whether Rustad was involved in prescribing him that sleep medication or weaning him from it. Choi claims that although there were other medications available that did not cause insomnia, Rustad never prescribed one. Rather, according to Choi, it was only when another doctor prescribed a different medication that the insomnia improved. Choi claims that he suffered from insomnia for over a year and a half.

Choi seeks to proceed against Dr. Rustad on an Eighth Amendment medical care deliberate indifference claim.[2] However, Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth

---

[2] Plaintiff was being held at Mendota during the relevant time period, so there is some question about whether he is an incarcerated prisoner, which implicates his Eighth Amendment rights, or an involuntary detainee, which implicates his Fourteenth Amendment rights. However, publicly available records indicate that Choi is being held at Mendota, after a 2015 finding of "guilty but not guilty due to mental disease/defect," under Wis. Stat. § 971.165, after which the court imposed a mandated life sentence. *See State v. Choi*, No. 2014CF217 (Jefferson Cnty. Oct. 21, 2015), *available at* https://wcca.wicourts.gov/ (last visited Jan. 18, 2022). In these circumstances, the court will assume for purposes of screening that the Eighth Amendment applies to his claim, since he pleaded no contest, underwent a plea hearing where his constitutional rights were given, and he received a mandated life sentence. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). That said, should this case be allowed to proceed, the court will ask the parties for input as to the appropriate legal standard.

'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, plaintiff's allegations are insufficient to support a plausible claim against Dr. Rustad.

To state an Eighth Amendment claim related to medical health care, a plaintiff must allege facts supporting an inference that his treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

As an initial matter, Choi's insomnia, if not accompanied by any other symptoms, does not amount to a serious medical need. *See Collins v. LeBlanc*, No. 11-0077-JJB, 2012 WL 528172, at *4 (M.D. La. Jan. 19, 2012) (as a general proposition, loss of sleep does not constitute a condition serious enough to support a deliberate indifference claim); *Smith v. Crose*, No. 06-3168 (FSH), 2006 WL 2591075, at *5 (D. N.J. Sept. 8, 2006) (a plaintiff's insomnia and "reduced ability to fall asleep does not amount to a serious medical need"). Therefore, absent a good faith allegation that plaintiff suffered other painful symptoms along with, or as a result of, his insomnia, it appears that Choi's claim fails on the first element of this claim.

Yet even assuming that Choi was experiencing a serious medical need as a result of

3

his insomnia, his allegations against Dr. Rustad do not satisfy Rule 8. All Choi alleges about Dr. Rustad is that he was under her care in February of 2019, when she prescribed him Abilify. And Choi further alleges that this prescription was terminated just one month later because he was reporting insomnia, which appears to be the proper response to his complaints, so even if Dr. Rustad terminated that prescription, that decision does not support an inference of deliberate indifference. Furthermore, Choi has not alleged that he reported his continued insomnia to Dr. Rustad in the subsequent months when his insomnia persisted, or, critically, *how* Dr. Rustad handled those complaints of lasting insomnia. As such, the court cannot assess whether plaintiff's allegations permit a reasonable inference that Dr. Rustad responded to Choi's continued insomnia condition with deliberate indifference.

Additionally, although plaintiff mentions that he was prescribed hydroxyzine for sleep, he does not identify who prescribed it, when he was taking it, whether that medication was effective, or, most importantly, whether Dr. Rustad handled that particular prescription. It may well be that Dr. Rustad was the medical professional responsible for *all* of his prescriptions during the year and a half period of time when Choi was suffering from insomnia, and thus implicated by Choi's continued discomfort. However, given that Choi mentions Rustad just once in his allegations of fact, to infer that she was involved in handling all of Choi's complaints about insomnia would be unreasonable, even under the generous pleading standard this court applies at screening.

Although it appears that this complaint is subject to dismissal, the court will dismiss Choi's complaint without prejudice and give him a brief window of time to file an amended

4

complaint. Choi should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to the exact nature of his symptoms during the period of time he was experiencing insomnia, what he reported to Dr. Rustad, and how she responded. If he submits a proposed amended complaint by the deadline set forth below, the court will screen is under § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff Young Choi's complaint is DISMISSED without prejudice, for failure to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **February 8, 2022,** to file an amended complaint that states a claim upon which relief can be granted. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute,** pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 18th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge